**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:14-cv-1935-WYD-CBS

C-GAS, LLC,

    Plaintiff /Counterclaim Defendant,

v.

ANADARKO E&P ONSHORE, LLC,

    Defendant/Counterclaimant,

SAMSON RESOURCES COMPANY,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Defendant Anadarko E&P Onshore, LLC ("Anadarko") and Plaintiff C-Gas, LLC ("C-Gas"), stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

    1.    This Protective Order shall apply to and govern all documents, materials, and information, including without limitation all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery, as well as all documents produced by either party in response to informal discovery requests, and computerized records (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," hereafter furnished, directly or indirectly, by or on behalf of any party in

connection with this action.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. In designating RECORDS as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," a party shall make such a designation of CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL only for RECORDS which that party in good faith believes contain trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law. For a designation of RECORDS as "RESTRICTED MATERIAL," the party must additionally believe in good faith that the RECORDS must be protected from disclosure to the parties themselves in this action and must be subject to the restricted disclosure provided for below. CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL shall be used solely for the purpose of conducting this action and not for any other purpose.

4. RECORDS designated as CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

(a) the attorneys actively working on this action on behalf of any party, including in-house attorneys;

(b) any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

(c) any parties to this action who are individuals, and the employees, members, directors or officers of parties to this action who are corporations, companies, or

partnerships, to the extent necessary to further the interest of the parties in this action;

    (d)    any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

    (e)    any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential;

    (f)    the Court and its employees ("Court Personnel");

    (g)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

    (h)    other persons by written agreement of the parties.

    5.    RECORDS designated as "RESTRICTED MATERIAL" may be disclosed only to the following persons:

    (a)    the attorneys actively working on this action on behalf of any party, including in-house attorneys;

    (b)    any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

    (c)    any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

    (d)    any non-party witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised

of the need and agreeing to keep the RECORDS confidential;

   (e) Court Personnel;

   (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

   (g) other persons by written agreement of the parties.

 6. The persons described in paragraphs 4(d) and 5(c) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have been made aware of the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." The persons receiving CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL are enjoined from disclosing it to any other person, except in conformance with this Protective Order.  This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rules of Civil Procedure, and/or Court Order.

 7. Each individual who receives any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL hereby agrees to subject himself/herself to the jurisdiction of the U.S. District Court for the District of Colorado for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

 8. The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL that is provided under this Protective Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

 9. The parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED

MATERIAL as follows:

 (a) In the case of RECORDS produced in discovery, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL." In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its production, that party shall have five (5) business days after discovery of such error to so stamp or otherwise designate the RECORD.

 (b) In the case of electronic RECORDS or data from databases produced in native format, designation shall be made by labeling the storage media or by providing a separate written notice that the materials so produced are "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL." In the event that a party inadvertently fails to designate an electronic RECORD as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its production, that party shall have five (5) business days after discovery of such error to so stamp or otherwise designate the RECORD.

 (c) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.

 (d) Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a

deposition transcript is filed and if it contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

     10.    A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this action disagrees at any stage of this action with such designation, such party shall provide to the producing party written notice of its disagreement with the designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing party is served with the required notice.  The burden of proving that RECORDS have been properly designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be on the party making such designation.

     11.    In the event that any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is used in any court proceedings in connection with this action, it shall not lose its CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

     12.    If any Party intends to disclose any RESTRICTED MATERIAL information to a witness described in paragraph 4(e) at a deposition and such witness would not otherwise be entitled to access to such RESTRICTED MATERIAL information, counsel for the Disclosing Party shall provide written notice to the Producing Party and/or the Designating Party of the intention to so disclose the source of or the specific document containing the RESTRICTED

MATERIAL information at least four (4) business days prior to such intended disclosure. If the Producing Party or Designating Party objects to such disclosure, then the Producing Party or Designating Party shall issue a written objection to the counsel intending to make such disclosure within two (2) business days of receiving written notice of the intent to disclose. Unless the parties otherwise resolve their disagreements, the Producing or Designating Party shall file a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and D.C.COLO.LCivR 30.2 or the objection is waived. In the event that the Producing Party or Designating Party does not file a motion for protective order, then the Disclosing Party shall (i) endeavor in good faith to handle the RESTRICTED MATERIAL information in such a manner as to disclose no more of the RESTRICTED MATERIAL information than is necessary in order to examine the witness; and (ii) the witness is not permitted to retain the RESTRICTED MATERIAL information after the witness is examined regarding the RESTRICTED MATERIAL information. Moreover, counsel for each party representing any such deposition witness shall have responsibility for supplying this Protective Order to that witness before the deposition and attempting to obtain his or her execution of the Acknowledgement. Any witnesses not represented by a party's counsel shall be provided with a copy of this Protective Order at the start of the examination, and shall be advised on the record that he or she is subject to sanctions for violating the terms of this Protective Order.

13. Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

14. Nothing in this order shall preclude any party to the lawsuit or their attorneys (a)

from showing RECORDS designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to an individual who either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

15.     Within sixty (60) days of the termination of this action between the parties and any related appeals, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with this Protective Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Protective Order, shall be returned to the party which produced it or shall be destroyed.

16.     In the event any information or document is produced that the producing party later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the receiving party shall, within five (5) business days of receipt of a written request and replacement media for document collections produced on electronic storage media by the producing party, return the original to the producing party, destroy all copies thereof and delete any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains. Inadvertent production of privileged, work product protected or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other documents or communications. Return of a document for which the producing party has asserted a claim of privilege, work-product protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing

8

production of the information or document on the ground that the claimed privilege, work product protection or immunity is invalid; provided, however, that mere production of the information or document in the course of this action shall not be a ground for asserting waiver of the privilege, protection or immunity.

17. Except as specifically provided herein, the terms, conditions and limitations of this Protective Order shall survive the termination of this action at the option of the designating party.

18. This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 12, inclusive hereof.

19. The parties agree that all RECORDS produced in this case are to be used only for the purposes of this litigation. Therefore, both parties agree that at the conclusion of this case, whether by settlement or a final, non-appealable order, the parties will either return or destroy the RECORDS produced by the other party, except for those records filed with the Court. If the party chooses to destroy the document and information, that party will certify that the RECORDS produced by the other party have been destroyed. Otherwise, the party will give the other party notice of a convenient time and place to return the RECORDS.

DATED at Denver, Colorado, on November 7, 2014.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 7th day of November, 2014.

*s*/ Scott Seidl                                                              *s*/ Teresa M. Abel

| | |
|---|---|
| Thomas A. Zabel | Ericka F. Houck Englert #34681 |
| **Scott Seidl** | **Teresa M. Abel** #45808 |
| Zabel Freeman | Lewis, Bess, Williams & Weese P.C. |
| 1135 Heights Blvd. | 1560 Broadway, Suite 1400 |
| Houston, Texas 77008 | Denver, Colorado 80202 |
| Phone Number: 713-802-9117 | Tel: (303) 861-2828 |
| Fax Number: 713-802-9114 | Fax: (303) 861-4407 |
| tzabel@zflawfirm.com | Email: eenglert@lewisbess.com |
| | tabel@lewisbess.com |

**BRIAN CAVE LLP**

Paul Lopach                                                      *ATTORNEYS FOR DEFENDANT*
Ivan London                                                      *ANADARKO E&P ONSHORE, LLC*
Bryan Cave LLP
1700 Lincoln St., Suite 4100
Denver, CO 80203
Phone Number: 303-861-7000
Fax Number: 303-866-0200

 *ATTORNEYS FOR PLAINTIFF*
*C-GAS LLC*

ACKNOWLEDGEMENT

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Judge on _____, 2014 in C-Gas, LLC v. Anadarko E&P Company, LP, U.S. District Court for the District of Colorado, Civil Case No. 1:14-cv-1935-WYD-CBS, that he/she is one of the persons contemplated in paragraph 4 and 5 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understands and agrees to abide by the obligations and conditions of the Protective Order. The undersigned further consents to be subject to the jurisdiction of the U.S. District Court for the District of Colorado for purposes of any proceedings relating to performance under, compliance with, or violation of the above-described Order.

_____

_____

Print Name

Dated: _____, 20__